trict of Texas, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Edgar Gutierrez–Guevara raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

UNITED STATES of America, Plaintiff–Appellee,

v.

Javier HERRERA–FLORES, Defendant–Appellant.

No. 04–50344.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 17, 2004.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Javier Herrera–Flores raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the judgment of the district court is AFFIRMED.

**Beverly PERDUE, Plaintiff–Appellant**

v.

**Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division; William W. Sullivan, Jr., Defendants–Appellees.**

No. 04–50192.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 17, 2004.

Michael Miles Simpson, Austin, TX, for Plaintiff–Appellant.

Matthew Tepper, Assistant Attorney General, Office of the Attorney General for the State of Texas, Austin, TX, for Defendant–Appellee.

Before REAVLEY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM: *

After reviewing the record and considering the argument of counsel and the briefs of the parties we affirm the dismissal of both remaining defendants, Johnson and Sullivan.

The only claim Perdue has remaining against Johnson is a claim for attorney's fees which she contends she is entitled to because medical care was provided to Perdue only after she filed suit. The record does not reveal, however, that the suit was served before medical care was provided to Perdue or that the suit provided the impetus for the state providing that care.

As to defendant Sullivan, the predicate for Perdue's suit against him was the excessive force Sullivan used in subduing her. We agree with the district court that Perdue was required to exhaust her administrative remedies before filing suit against Sullivan. Although the state did not raise the exhaustion defense before the court's deadline for filing motions, the district court did not abuse its discretion in lifting that deadline and allowing the defense to be asserted at a later date. Perdue has demonstrated no legal prejudice from the district court's decision allowing Sullivan to raise his exhaustion defense because at the time the defense was asserted Perdue had ample time to exhaust administrative remedies as to this claim and file suit before the statute of limitations ran.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.